**Bashaar Abed–Younis ASMARO,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 03–74457.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2006.

Decided April 27, 2006.

Douglas R. Nelson, Attorney At Law, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: MCKEOWN and BERZON, Circuit Judges, and KING,* Senior Judge.

MEMORANDUM **

Bashaar Abed–Younis Asmaro petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant the petition in part and remand for further proceedings.

The denial of relief was based primarily on an adverse credibility finding. The IJ and BIA[1] identified a number of concerns with Asmaro's credibility. Upon careful

---

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The BIA affirmed the IJ's adverse credibility determination and added two bases for the adverse credibility determination. Because we conclude that the BIA's reasons for finding Asmaro not to be credible are not sup-

ported by substantial evidence, we do not reach the question whether the BIA could have affirmed the IJ's adverse credibility determination on grounds other than those relied on by the IJ. We have held that an applicant's due process rights are not violated when the BIA does so. *See Pal v. INS*, 204 F.3d 935, 939 (9th Cir.2000). We have not, however, yet determined whether the current regulations prohibit the BIA from affirming an adverse credibility determination on grounds other than those relied on by the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(i) ("The Board

review of the record, we conclude that none are sufficient to support the adverse credibility determination.

First, the IJ erred to the extent he imposed a heightened burden under 8 U.S.C. § 1158(d)(5)(A)(i), namely an absolute prohibition on asylum unless Asmaro could establish his identity with credible evidence. The IJ appeared to confuse the credibility analysis used to determine an applicant's status as a refugee with the absolute standard in § 1158(d)(5), which precludes a discretionary grant of asylum until the government checks the applicant's identity.

■ Second, multiple grounds identified by the IJ are minor inconsistencies that "do not relate to the basis of [Asmaro]'s alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about [Asmaro]'s fear for his safety." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). These include a discrepancy regarding the birthday listed on his Iraqi identification document, inconsistency in the spelling of Asmaro's first name, and Asmaro's perceived lack of candor in failing to report changes in address. As to the last issue, Asmaro officially reported five addresses, and directly answered questions regarding his whereabouts. It is not surprising that an immigrant awaiting disposition of his case would be transient, and would use addresses for mailing purposes that are not always consistent with short-term residences. These grounds are not sufficient to support the adverse credibility finding. *Cf. Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) ("[W]e will not uphold an adverse credibility finding unless the IJ or BIA specifically explains the significance of the discrepancy or points to the petitioner's obvious evasiveness when asked about it.").

■ Third, several grounds identified by the IJ rest upon speculation rather than evidence. These include the opinion that Asmaro "seems" older than twenty-three despite evidence to the contrary, doubt as to why Asmaro did not seek advice from family members in the United States and Canada or know the details of financial support from these same family members, the IJ's observation that Asmaro may have been part of a larger plan among Chaldeans to come to the United States via Tijuana, and the IJ's skepticism regarding Asmaro's account of his journey from Baghdad to Amman. None of these observations have any basis in the record. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006) ("[A]n IJ may not base adverse credibility determinations on speculation or conjecture not supported by evidence in the record.").

Fourth, both the BIA and the IJ perceived contradictions in Asmaro's testimony that are refuted by the record or are minor and inconsequential matters. On one occasion, Asmaro stated that he did not go through Turkish customs, and then

---

will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.''). Section 1003.1(d)(3)(i) became effective September 25, 2002, *see* 67 Fed.Reg. 54878, 54878, 54902 (Aug. 26, 2002), and was therefore in effect when the BIA issued its decision in the present case. *See also Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661 (9th Cir.2003) (observing, in a case in which the BIA issued its decision before section 1003.1(d)(3)(i) was in effect, that ''under the most recent INS regulations, the BIA would have no choice but to remand to the IJ for an initial credibility determination, as the BIA is now limited to reviewing the IJ's factual findings, including credibility determinations, for clear error'').

moments later stated that he did go through customs. The transcript shows that Asmaro did not understand the question, in that he answered that he did not go through customs *because* they stamped his passport. On another occasion, the IJ questioned the account of where Asmaro acquired his identity document. Asmaro first indicates that he "brought it from Baghdad" and then that his family sent it to him in either Turkey or Greece. It is not inconsistent for Asmaro to answer the question "[h]ow did you get the ID?" by stating "I brought it from Baghdad" and then clarify that his family sent it to him in a third country while en route. The BIA's concern regarding the details of Asmaro's detention and escape reflect a similarly inaccurate reading of the record. Asmaro stated that he escaped in "January 2000" in his credible fear interview, not January 20, 2000, as the BIA apparently thought. Asmaro's statement that his detention was at "a local Baath party office ... like a prison, it was a prison," is not inconsistent with his being held at the Baath Party facility and escaping prior to being jailed.

█ Fifth, Asmaro's failure to include on his application the details of Joseph Asmaro's death does not undermine his credibility. A "subjective view of what a persecuted person would include in his asylum application has no place in an adverse credibility determination." *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000). Further, Asmaro indicated in his application that "all" of his family had been mistreated. The fact that he later supplied additional details regarding a death ten years prior to his departure from Iraq does not support an adverse credibility determination. *Cf. Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir.2005) (difference between statement on application that applicant was "mistreated and threatened," and later elaboration that

"her wrist was slashed by a man" did not support adverse credibility finding).

Finally, the IJ's expressed skepticism regarding Asmaro's demeanor lacks the required specificity. An IJ's evaluation of an applicant's demeanor is given deference, *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999), but must identify specific non-credible aspects of the applicant's demeanor. *Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003). The IJ's intuition about the level of emotion that a persecuted person should show is purely speculative. The general observation about Asmaro's hesitation identified no instances of specific non-credible testimony. *Cf. id.* (rejecting adverse credibility determination where the IJ, "[w]ithout referring to specific portions of the transcript, ... cited [applicant]'s 'fragments of thoughts' as being 'more consistent with someone who has memorized a story and then was repeating it but was leaving out certain portions.' ").

In sum, after examining each ground cited by the IJ and the BIA, *cf. Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir. 2003), we conclude that the adverse credibility determination is not supported by substantial evidence.

█ The BIA also held that, even if credible, the mistreatment that Asmaro complains of was not "so severe as to rise to the level of past persecution." We disagree. To show past persecution, an applicant must show, first, one or more incidents that constitute persecution. *Navas v. INS,* 217 F.3d 646, 655 (9th Cir.2000). In determining whether the evidence compels a finding of past persecution, we consider the cumulative effect of all of the incidents suffered. *Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir.1998) ("The key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment [he or] she

received rises to the level of persecution."). The combination of general harassment and discrimination over a period of years, which in this case culminated in an unlawful detention, beating and threats, compels a finding of persecution. *Cf. Agbuya v. INS*, 241 F.3d 1224, 1230 (9th Cir.2001) (evidence compelled finding of past persecution where petitioner was abducted, imprisoned, hit, threatened with a gun, and told she would be tried for her political opinion); *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir.2004) (evidence compelled finding of past persecution where petitioner was arrested, detained twice, physically abused, and forced to renounce religion).

In addition to showing persecution, an applicant must also show that the incidents of persecution (1) were on account of a protected ground and (2) were committed by the government or forces the government is unable or unwilling to control. *Navas*, 217 F.3d at 655–56. Neither the IJ nor the BIA made any clear findings with respect to either of these elements. Under *INS v. Ventura*, 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we remand for further proceedings as to these elements.[2]

Asmaro also petitioned for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). Past persecution creates a presumption of eligibility for withholding of removal. *Baballah v. Ashcroft*, 367 F.3d 1067, 1079 (9th Cir.2004). Because we conclude that Asmaro's mistreatment rose to the level of persecution, we remand this claim in the same posture as the asylum claim; on remand, Asmaro may at-

tempt to establish the other elements of past persecution, and the government may present evidence of changed circumstances to rebut any presumption of eligibility for withholding of removal.

Finally, Asmaro has not shown that he was tortured, *cf. Al–Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir.2001) ("Torture is an extreme form of cruel and unhuman treatment"), nor has he shown "substantial grounds for believing that he would be in danger of being subjected to torture" if he were to return to Iraq, *id.* at 1146. We therefore affirm the BIA's denial of relief under the Convention Against Torture.

The petition for review is DENIED as to the CAT claim. The petition for review is GRANTED as to the asylum and withholding of removal claims and REMANDED for further proceedings consistent with this disposition. Costs on appeal shall be awarded to petitioner.

**In re: Earl JONES, Debtor,**

---

**2.** A showing of past persecution creates a rebuttable presumption of future persecution that can be overcome by a showing that "there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir.2004). Neither the IJ nor BIA addressed the possibil-

ity of changed circumstances in Iraq. Thus, if Asmaro is successful in establishing the second and third elements of past persecution, the government may present evidence of changed circumstances to rebut the presumption of a well-founded fear of future persecution.